[Cite as *King v. Pattison*, 2013-Ohio-4665.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RONALD O. KING | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2013-0010 |
| | : | |
| ROSS A. PATTISON, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, CH2010-0135

JUDGMENT:      REVERSED & REMANDED

DATE OF JUDGMENT ENTRY:      September 30, 2013

APPEARANCES:

For Plaintiff-Appellant:

MILES D. FRIES
320 Main St.
P.O. Box 190
Zanesville, OH 43702-1090

For Defendants-Appellees:

ROBERT E. SOLES, JR.
KEVIN C. COX
KARA DODSON
6545 Market Ave N.
North Canton, OH 44721

ERIC D. MARTIN
58 N. 5th St.
Heritage Suites #102
Zanesville, OH 43701

*Delaney, J.*

{¶1}   Plaintiff-Appellant Ronald O. King appeals the February 8, 2013 judgment entry of the Muskingum County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   In 2006, Plaintiff-Appellant Ronald O. King entered into a lease agreement with Defendant-Appellee Pattico, LLC to lease a building located in Zanesville, Ohio. King operated a salvaging and recycling business at the location.   In January 2007, Defendant-Appellee Ross A. Pattison notified King the lease was terminated and ordered King to vacate the building.   King alleges that in February 2007, Defendants-Appellees Ross A. Pattison and Pattico, LLC wrongfully seized and disposed of King's personal property and business inventory located at the rental property.

{¶3}   King filed his original complaint against Pattison and Pattico on February 8, 2008.   The complaint was dismissed and on February 19, 2010, King refiled his complaint against Pattison and Pattico.   Pattison and Pattico filed motions for summary judgment, which were denied by the trial court.   The matter was scheduled for jury trial on March 26, 2013.

{¶4}   On November 26, 2012, Pattison and Pattico filed a motion to disqualify King's trial counsel, Miles D. Fries.   In the motion, Pattison and Pattico alleged Attorney Fries was likely to be called as a witness at trial and should be disqualified pursuant to Prof.Cond.R. 3.7. Prof.Cond.R. 3.7 states:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is

likely to be a necessary witness unless one or more of the following

applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of the legal services rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on the client. (Emphasis sic.)

{¶5} The motion to disqualify states that on March 30, 2007, Attorney Fries sent Pattison a letter on his client's behalf, requesting that Pattison contact Attorney Fries within seven days of receipt to discuss the removal of King's property from the rental property. The motion to disqualify states that on April 2, 2007,

Pattison personally visited Attorney Fries'[s] office in regard to the matter. Attorney Fries'[s] office acknowledged that Defendant had been there, and accepted written correspondence from Defendant relating to the matter that Defendant had brought with him to deliver to Attorney Fries. Defendant had made this effort well within the seven days requested by Attorney Fries, and never received any further communication from Attorney Fries on the matter until commencement of suit the following year.

{¶6} While Attorney Fries did not meet with Pattison, the motion alleged that Attorney Fries's conduct on behalf of his client in making a demand, and subsequently not responding to Pattison's attempt at resolution, made it likely that Attorney Fries may be called as a witness at trial in the action to rebut King's claim for conversion. No affidavit or other evidence was attached to the motion.

{¶7}   King responded to the motion.  He argued in part there was no fact in dispute because Attorney Fries would stipulate that he received correspondence from Pattison and did not respond to the correspondence.  No affidavit or other evidence was attached to the response.  Pattison filed a reply to its motion.

{¶8}   On February 8, 2013, the trial court granted the motion to disqualify King's trial counsel.  The trial court ordered new counsel to file an appearance within 10 days of the date of the judgment entry or King would proceed to trial on March 26, 2013 pro se.

{¶9}   It is from this decision King now appeals.

## ASSIGNMENTS OF ERROR

{¶10} King raises one Assignment of Error:

{¶11} "I. THE TRIAL COURT'S DECISION TO DISQUALIFY APPELLANT'S COUNSEL WAS AN ABUSE OF DISCRETION."

## ANALYSIS

{¶12} King argues in his sole Assignment of Error the trial court abused its discretion when it disqualified his trial counsel pursuant to Prof.Cond.R. 3.7. We agree.

{¶13} An order disqualifying a civil trial counsel is a final order that is immediately appealable pursuant to R.C. 2505.02.  *See Kale v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 688 N.E.2d 258 (1998).  We review the trial court's decision on a motion to disqualify for an abuse of discretion.  *155 North High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 650 N.E.2d 869 (1995), syllabus.  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable,

arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} Trial courts have the "inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court." *Horen v. City of Toledo Public School Dist.,* 174 Ohio App.3d 317, 2007-Ohio-6883, 882 N.E.2d 14, ¶21 (6th Dist.). "However, because of the potential use of the advocate-witness rule for abuse, disqualification 'is a drastic measure which should not be imposed unless absolutely necessary.'" *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App.3d 429, 433, 713 N.E.2d 65 (9th Dist.1998), quoting *Spivey v. Bender*, 77 Ohio App.3d 17, 22, 601 N.E.2d 56 (6th Dist.1991). *See, also*, *A.B.B. Sanitec West, Inc. v. Weinsten,* 8th Dist. Cuyahoga No. 88258, 2007-Ohio-2116, ¶ 12 (applying the current Rules of Professional Conduct). It is therefore important for the trial court to follow the proper procedures in determining whether disqualification is necessary. *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 11 (1st Dist.) citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 6, 688 N.E.2d 258 (1998).

{¶15} Under Prof.Cond.R. 3.7, "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness * * *." The rule lists three exceptions to disqualification:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of the legal services rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on the client.  (Emphasis sic.)

{¶16} Prof.Cond.R. 3.7 replaced the former disciplinary rules DR 5-101(B) and DR 5-102(A) and (B), under the former Code of Professional Responsibility.  Under the prior rules, the Ohio Supreme Court set forth the procedure for the trial court to follow in deciding whether a lawyer can serve as both an advocate and a witness.  *Brown*, at ¶13 citing *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 510 N.E.2d 379 (1987).  The court first had to determine the admissibility of the attorney's testimony.  If the trial court found the testimony admissible, the court then had to consider whether any exceptions to the disciplinary rules were applicable.  *Id.*, citing *Mentor Lagoons*, *supra* at paragraph two of the syllabus.  If no exceptions applied, the attorney was disqualified from representing his or her client.  The burden of proving disqualification was necessary rested on the moving party and the burden of proving one of the exceptions applied was on the attorney seeking to claim the exception.  *Id.*, citing *Waliszewki, supra*; *155 N. High Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 650 N.E.2d 869 (1995), at syllabus.

{¶17} Under Prof.Cond.R. 3.7, a lawyer may be disqualified from representing his or her client only when it is likely the lawyer will be a "necessary" witness.  A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable through other trial witnesses.  *Popa Land Co., Ltd v. Fragnoli,* 9th Dist. Medina No. 08CA0062–M, 2009–Ohio–1299, ¶ 15.  "Testimony may be relevant and even highly useful but still not strictly necessary.  A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence.  * * * A party's mere declaration of an intention to call

opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, 942 N.E.2d 409, ¶19 (9th Dist.) quoting *Puritas Metal Prods. Inc. v. Cole,* 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008-Ohio-4653, at ¶ 34 quoting *Mettler v. Mettler* (2007), 50 Conn.Supp. 357, 928 A.2d 631, 633.

{¶18} In analyzing the prior disciplinary rules and Prof.Cond.R. 3.7, the First District in *Brown v. Spectrum Networks, Inc., supra*, determined the procedure for a trial court to follow in determining whether to disqualify an attorney who has been called to testify by the opposing party:

> (1) determine whether the attorney's testimony is admissible and (2) determine whether the attorney's testimony is necessary. Under the second part of this analysis, the court must decide whether the attorney's testimony is relevant and material to the issues being litigated and whether the testimony is unobtainable elsewhere. If the court determines that the lawyer's testimony is admissible and necessary, the court must then determine whether any of the exceptions set forth under Rule 3.7 apply.

*Brown*, at ¶ 15. *See also, Ross v. Olsavsky*, 7th Dist. Mahoning No. 09 MA 95, 2010-Ohio-1310.

{¶19} In considering the two prongs of the disqualification determination, the parties in this case dispute whether the trial court is required to hold an evidentiary hearing on a motion for disqualification. The First District Court of Appeals in *Brown v. Spectrum Networks, Inc.* held the record in the case below was devoid of any evidence

upon which to make a determination for disqualification pursuant to the procedural analysis. 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 16. The court remanded the matter to the trial court to hold an evidentiary hearing, either by oral hearing or paper hearing, so long as there was sufficient evidence before the trial court through depositions, affidavits, or written stipulations as to what counsel's testimony would be for the trial court to properly consider in making its findings. *Id.* at ¶ 18. This Court has held that an evidentiary hearing where the parties may examine and cross-examine witnesses is not necessary on all motions for disqualification. *Shawnee Assocs., L.P. v. Shawnee Hills*, 5th Dist. Delaware No. 07CAE050022, 2008-Ohio-461, ¶ 34.

{¶20} *Brown v. Spectrum Networks* comports with our holding in *Shawnee Assocs., L.P. v. Shawnee Hills* in that an evidentiary hearing with witnesses is not necessary in all cases of motions for disqualification. The cases both conclude that the parties, in meeting their respective burdens under Prof.Cond.R. 3.7, must present sufficient evidence so the trial court can make a determination as to the admissibility of the testimony, whether the testimony is necessary, and whether any exceptions apply. This conclusion is supported by the warning that "disqualification 'is a drastic measure which should not be imposed unless absolutely necessary.'" *Waliszewski v. Caravona Builders, Inc.*, 127 Ohio App.3d 429, 433, 713 N.E.2d 65 (9th Dist.1998), quoting *Spivey v. Bender*, 77 Ohio App.3d 17, 22, 601 N.E.2d 56 (6th Dist.1991). *See, also, A.B.B. Sanitec West, Inc. v. Weinsten,* 8th Dist. No. 88258, 2007-Ohio-2116, ¶ 12 (applying the current Rules of Professional Conduct).

{¶21} The parties in this case agree to the factual scenario that Pattison cites as supporting his argument that Attorney Fries is likely to be a necessary witness as to King's claim for conversion. According to the motion to disqualify, Attorney Fries sent Pattison a letter to discuss the removal of King's property. Pattison came to Attorney Fries's office to hand deliver a responsive letter, which Attorney Fries's office agrees it received. Attorney Fries never spoke to Pattison. Attorney Fries did not respond to the letter. In the response to the motion to disqualify, Attorney Fries states he never read Pattison's letter. The record in this case contains a July 11, 2012 affidavit from Pattison as to the contents of the letter he hand delivered to Attorney Fries's office. Pattison avers in the July 11, 2012 affidavit that his letter stated he was ready, willing, and able to return King's property. He next states he never heard from King or Attorney Fries.

{¶22} In its February 8, 2013 order, the trial court granted appellee's motion to disqualify without any reasoned analysis. We find this action does not satisfy the disqualification requirements as contemplated by Prof.Cond.R. 3.7.

{¶23} While the testimony of Attorney Fries in this case may be arguably admissible, we find it was an abuse of discretion for the trial court to disqualify Attorney Fries's without determining any factual and/or legal conclusions relevant to the required analysis for granting disqualification. We vacate the February 8, 2013 judgment entry granting the motion to disqualify King's trial counsel.

{¶24} The sole Assignment of Error of Plaintiff-Appellant Ronald O. King is sustained.

## CONCLUSION

{¶25} The February 8, 2013 judgment of the Muskingum County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings in accordance with this Opinion.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. SHEILA G. FARMER