[Cite as *Hastings v. Lee*, 2023-Ohio-2986.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JENNIFER HASTINGS, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| ANDREW LEE, | : | Case No. 22 CAF 11 0073 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                  Court of Common Pleas, Case No,.
                                  12092076AD



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 August 25, 2023



APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

STEVEN W. SCHIERHOLT                       MATTHEW H. COON
2920 Brookhaven Drive                      88 West Mound Street
Lewis Center, Ohio 43035                   Columbus, Ohio 43215

*Baldwin, J.*

**{¶1}**   Appellant Jennifer Hastings appeals the decision of the Delaware County Court of Common Pleas, Division of Domestic Relations, affirming the magistrate's decision which granted appellee Andrew Lee's motion to disqualify appellant's counsel, Attorney Steven Schierholt.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}**   The appellant and the appellee have two children together. In 2012, the appellant filed a complaint to determine paternity. The appellant was designated residential parent, and the appellee was determined to be the biological father of the children, ordered to pay child support, and granted parenting time.

**{¶3}**   On January 25, 2021, the appellee filed a motion to modify parental rights and responsibilities. On February 3, 2022, the appellee filed a motion to disqualify Attorney Steven Schierholt as counsel for the appellant because he was her stepfather, as well as the minor children's step-grandfather. The appellant filed a memorandum contra to [appellee's] motion to disqualify counsel and a request for hearing.

**{¶4}**   A three-hour hearing was conducted on the appellee's motion to disqualify on March 1, 2022, at which the following were in attendance: Attorneys Amanda Sims and Matthew Coon on behalf of the appellee; the appellee; Attorney Schierholt on behalf of the appellant; and, Attorney Christopher Heckert, Guardian ad Litem (GAL). The appellee argued that Attorney Schierholt regularly watched the minor children; provided regular transportation for the children; could provide eyewitness testimony regarding the children's wishes as to the outcome of the matter based upon his time spent with the

children, information he shared with the GAL; and, was likely to be a necessary witness in the matter.

**{¶5}** The appellant argued that none of these activities disqualified him from serving as the appellant's counsel, and argued further that if he was disqualified from representing the appellant she would not be able to afford to hire new counsel and would therefore be without representation.

**{¶6}** Testimony from Attorney Schierholt, the appellee, and the GAL was presented. Attorney Schierholt testified in pertinent part as follows:

BY MS. SIMS:

Q:      Fair. Did you write to the Guardian ad Litem on January 17th of 2022 promising to - - that you had promised [one of the minor children] that you would tell the guardian how she felt after you had watched the exchange between [the appellee] and the girls?

*        *        *

A:      I did tell [one of the minor children] that I would write the Guardian ad Litem, but that was before the exchange.

Q:      Okay. That's fair. That's fair.

And you had written to the guardian your impressions after being a witness to an exchange between the girls and [the appellee]. Correct?

A:      Yes.

Q:      Were you the only one there for that exchange?

A:      No. [The appellee] was there, the girls were there, I was there.

Q:      Anyone besides individuals - - anyone besides those individuals that you stated?

A:      No one else.

Q:      Okay. You indicated in your e-mail to the guardian on that same day that the guardian's recommendation adopted by the Court was traumatizing [one of the minor children.]

Do you recall that?

A:      Yes.

{¶7}    The magistrate asked Attorney Schierholt if he had received statements from the children, to which he responded "yes," resulting in the following questions by appellee's counsel:

BY MS. SIMS:

Q:      Have you relayed those statements to the Guardian ad Litem?

A:      Yes.

{¶8}    Finally, Attorney Schierholt was provided with Exhibit 1, which he identified as a copy of emails he sent to the GAL, and was questioned as follows:

Q:      Okay. And that is what I was referring to when we were discussing these statements. Just maybe one or two more questions.

In this e-mail, you state, in the second paragraph - - one, two, three - - four lines down, [the appellant] provides a tender, attentive environment.

Do you have personal knowledge of that?

A:      Yes.

Q:      And you have personal knowledge as her stepfather. Correct?

A:      Yes.

Q:      Okay. And lastly, in this e-mail, the first paragraph at the end, I watched through the window as [one of the minor children] talked with [the appellee.] She turned, looking in my direction, before going into his truck and getting in, she was crying, and her look was heart-wrenching. That was something you personally witnessed. Correct?

A:      Correct.

Q:      And you were watching the children as their grandfather. Correct?

A:      There, because I was - - yes, I was there because I was their grandfather.

{¶9}    Attorney Schierholt thereafter called the appellee, who testified in pertinent part as follows:

BY MR. COON:

Q:      Has Mr. Schierholt dropped the children off without additional adult accompaniment on other occasions?

A:      Yes.

Q:      Has he interacted with the children at those occasions?

A:      Yes.

Q:      Have you interacted with the children at those occasions?

A:      Yes.

Q:      If any of your statements to the Court were inadvertently incorrect, is there anyone other than the children who could correct that who is not Mr. Schierholt from those occasions?

A:      No.

**{¶10}** The appellant did not testify.

**{¶11}** The magistrate issued a decision on March 8, 2022, in which she found that Attorney Schierholt provided information to the GAL which appears to be based solely upon his personal observations of and interactions with the children, some of which took place outside the presence of any other individuals. In addition, the magistrate noted with concern the email Attorney Schierholt sent to the GAL regarding conversations he had with one of the children during which he promised the child he would communicate with the GAL regarding her concerns. The magistrate thus found that Attorney Schierholt put himself in the position of likely being a necessary witness in the matter. Furthermore, the magistrate found that there was no evidence before the court that removal of Attorney Schierholt as counsel for the appellant would not be a financial hardship, particularly since the appellant had not filed any financial affidavits, nor provided testimony or evidence to the court regarding her finances. Accordingly, the magistrate granted the appellee's motion to disqualify Attorney Schierholt from representing the appellant.

**{¶12}** The appellant moved to set aside the magistrate's decision, which the trial court treated as "objections." On October 20, 2022, the trial court issued a judgment entry overruling the appellant's objections, finding the magistrate's decision to be well taken, and ordering that Attorney Schierholt be disqualified from representing the appellant.[1]

---

[1] Attorney Sims, who had been counsel for the appellee, was hired by the trial court as a magistrate shortly after the appellant's objections to the magistrate's decision were filed; a visiting judge was therefore appointed to preside over the matter on or about July 11, 2022.

**{¶13}** The appellant filed a timely appeal, and sets for the following sole assignment of error:

**{¶14}** "I. THE COMMON PLEAS COURT ERRED WHEN IT DISQUALIFIED PLAINTIFF'S COUNSEL."

## STANDARD OF REVIEW

**{¶15}** An order disqualifying a civil trial counsel is a final order that is immediately appealable pursuant to R.C. 2505.02. See, also, *Kale v. Aluminum Smelting & Refining Co., Inc.,* 81 Ohio St.3d 1, 3, 688 N.E.2d 258 (1998). We review the trial court's decision on a motion to disqualify for an abuse of discretion. *155 North High Ltd. v. Cincinnati Ins. Co.,* 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995).

**{¶16}** In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). ". . . Most instances of an abuse of discretion result in decisions that are unreasonable, as opposed to arbitrary and capricious. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. A decision that is unreasonable is one that has no sound reasoning process to support it. Id." *Bank One, NA v. Ray*, 10th Dist. Franklin No. 04AP907, 2005-Ohio-3277, ¶ 15.

## ANALYSIS

**{¶17}** Rule 3.7 of the Ohio Rules of Professional Conduct provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness…." The rule provides for three exceptions to disqualification:

(1)  the testimony relates to an uncontested issue;

(2)  the testimony relates to the nature and value of legal services rendered in the case;

(3)  the disqualification of the lawyer would work *substantial* hardship on the client.

**{¶18}** Disqualification of counsel was discussed by this Court in *King v. Pattison,* 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665:

Under Prof.Cond.R. 3.7, a lawyer may be disqualified from representing his or her client only when it is likely the lawyer will be a "necessary" witness. A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable through other trial witnesses. *Popa Land Co., Ltd v. Fragnoli*, 9th Dist. Medina No. 08CA0062– M, 2009–Ohio–1299, ¶ 15. "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony." *Akron v. Carter*, 190 Ohio App.3d 420, 2010–Ohio–5462, 942 N.E.2d 409, ¶ 19 (9th Dist.) quoting *Puritas Metal Prods. Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008–Ohio–4653, at ¶ 34 quoting *Mettler v. Mettler* (2007), 50 Conn.Supp. 357, 928 A.2d 631, 633.

In analyzing the prior disciplinary rules and Prof.Cond.R. 3.7, the First District in *Brown v. Spectrum Networks, Inc.*, supra, determined the procedure for a trial court to follow in determining whether to disqualify an attorney who has been called to testify by the opposing party:

(1) determine whether the attorney's testimony is admissible and (2) determine whether the attorney's testimony is necessary. Under the second part of this analysis, the court must decide whether the attorney's testimony is relevant and material to the issues being litigated and whether the testimony is unobtainable elsewhere. If the court determines that the lawyer's testimony is admissible and necessary, the court must then determine whether any of the exceptions set forth under Rule 3.7 apply.

*Brown*, at ¶ 15. See also, *Ross v. Olsavsky*, 7th Dist. Mahoning No. 09 MA 95, 2010–Ohio–1310.

*Id.* at ¶17-18.

**{¶19}** We held in *King* that the trial court had made neither the findings of fact nor conclusions of law necessary to properly determine whether the attorney in that case should have been disqualified. In this case, however, the trial court conducted a three-hour hearing at which testimony was elicited and evidence admitted. The trial court made thorough findings of fact upon which it determined that the appellant's counsel would likely be a necessary witness to the matter, specifically finding that "…not only were these [appellant counsel's] personal observations and interactions with the children, they were interactions and observations made when no one else was present on his client's behalf.

Thus, either he was the only person present with the children or he was the only person present to observe the children with [appellee.]" The trial court further found that because the appellant had not filed financial affidavits in the matter, or provided testimony regarding her finances, she failed to prove that disqualification of her counsel would result in a substantial hardship.

**{¶20}** Based upon the foregoing, we cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably. To the contrary, the trial court's decision is supported by sound reasoning. Accordingly, we find that the trial court did not abuse its discretion when it ordered that the appellant's counsel be disqualified, and as such we find the appellant's assignment of error to be without merit.

### CONCLUSION

**{¶21}** The appellant's sole assignment of error is overruled, and the decision of the Delaware County Court of Common Pleas, Division of Domestic Relations is hereby affirmed.

By: Baldwin, J.

Gwin, P.J. and

King, J. concur.