[Cite as *Deutsche Bank Trust Co. v. Ziegler*, 2014-Ohio-471.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

DEUTSCHE BANK TRUST CO. AMERICAS, fka BANKERS TRUST COMPANY AS TRUSTEE

       Plaintiff-Appellee

v.

TALBOT D. ZIEGLER, et al.

       Defendant-Appellant

Appellate Case No.    25744

Trial Court Case No.   2012-CV-5479

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2014.

. . . . . . . . . . .

CHARLES F. ALLBERY, III, Atty. Reg. No. 0006244, CANICE J. FOGARTY, Atty. Reg. No. 0010046, 137 North Main Street, Suite 500, Dayton, Ohio 45402
     Attorneys for Plaintiff-Appellee

TALBOT D. ZIEGLER, 850 Big Hill Road, Kettering, Ohio 45419
     Defendant-Appellant-Pro Se

DOUGLAS M. TROUT, Atty. Reg. No. 0072027, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Defendant-Appellee-Montgomery County Treasurer

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Talbot D. Ziegler, appeals from a summary judgment and decree of foreclosure rendered in favor of Plaintiff-Appellee, Deutsche Bank Trust Co. Americas fka Bankers Trust Co. as Trustee ("Deutsche Bank").   Ziegler contends that the trial court erred in granting summary judgment in favor of Deutsche Bank.

{¶ 2}    We conclude that the trial court did not err in rendering summary judgment in favor of Deutsche Bank.   Ziegler did not challenge the merits of the foreclosure action below, and failed to properly support his affirmative defenses with appropriate factual materials as required by Civ.R. 56.   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3}    On June 30, 2012, Deutsche Bank filed a complaint for foreclosure against Talbot Ziegler, Angela Ziegler, PNC Bank, and the Montgomery County Treasurer.   Deutsche Bank alleged in the complaint that Talbot Ziegler had delivered a promissory note for $185,400, at an interest rate of 7.625% per annum, and that Deutsche Bank was the true holder of the note, as successor in interest to National City Mortgage.   Deutsche Bank further alleged that the note had not been paid according to its terms, and that $183,976.93 was currently due and owing.

{¶ 4}    The complaint also alleged that Angela and Talbot Ziegler had executed a mortgage conveying real estate located at 850 Big Hill Road, Dayton, Ohio, to secure payment of the note, and that the mortgage had also been assigned to Deutsche Bank.   Deutsche Bank asked for judgment on the note, foreclosure on the premises, and marshaling of liens on the property.

**{¶ 5}** On August 23, 2012, Talbot Ziegler filed an answer, pro se, admitting that he executed a mortgage for the property located at 850 Big Hill Road, and denying the remainder of the allegations in the complaint. Ziegler also asserted 22 affirmative defenses and requested court-ordered mediation. He did not file a counterclaim. Angela Ziegler did not file any response to the complaint.

**{¶ 6}** The trial court held status conferences in September and November 2012, and in January and February 2013. On January 30, 2013, Talbot Ziegler filed a motion, requesting 30 days leave to retain counsel in the event that the parties could not reach settlement on or before the February 12, 2013 status conference. Ziegler also asked leave to file "counter complaints" in tort and contract. In the motion, Ziegler contended that Deutsche Bank had unreasonably delayed the processing of loan modification requests.

**{¶ 7}** Subsequently, on March 4, 2013, Deutsche Bank filed a motion for summary judgment, requesting that the court grant judgment on the amount owed on the note and order foreclosure of the property as requested in the complaint. Angela Ziegler did not file a response to the motion. Talbot Ziegler filed a memorandum opposing summary judgment, arguing the affirmative defenses of promissory estoppel, unclean hands, and laches. In the memorandum, Ziegler detailed various ways in which PNC Mortgage, the loan servicer for Deutsche Bank, had allegedly misled him regarding loan modification, and had unreasonably delayed action on his applications for loan modification between April 2012 and February 2013. Among other things, Ziegler alleged that Deutsche Bank had continued to increase the amount of annual income needed for modification, and that counsel for Deutsche Bank had failed to promptly tender documentation to PNC Mortgage, which showed that the Zieglers' income was sufficient to meet

the terms of the proposed modification. Ziegler did not, however, provide an affidavit or any documents to support his allegations.

{¶ 8} On April 12, 2013, the trial court overruled Ziegler's motion for leave to retain counsel and to file a counterclaim. The court noted that Ziegler had sufficient time to retain counsel, and that any extensions would serve to delay foreclosure and were unwarranted on the record before the court. On the same day, the trial court rendered summary judgment in favor of Deutsche Bank, and filed a judgment entry and decree of foreclosure.

{¶ 9} Talbot Ziegler appeals, pro se, from the judgment and decree of foreclosure. Angela Ziegler has not appealed from the judgment.

## II. Did the Trial Court Err in
## Granting Summary Judgment to Deutsche Bank?

{¶ 10} Talbot Ziegler's sole assignment of error states that:

The Trial Court Erred in Granting Summary Judgment for the Plaintiff-Appellee, Deutsche Bank Trust Co. Americas fka Bankers Trust Company as Trustee.

{¶ 11} Under this assignment of error, Ziegler contends that the trial court erred in rendering summary judgment in favor of Deutsche Bank. According to Ziegler, the trial court should have considered his affirmative defenses of promissory estoppel, unclean hands, and laches.

{¶ 12} "A trial court may grant a moving party summary judgment pursuant to Civ. R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is

entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999). "We review summary judgment decisions de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.)

{¶ 13}  "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Wright–Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26. (Other citation omitted.)

{¶ 14}  The affidavit submitted by Deutsche Bank complied with the above requirements, and was sufficient to establish that Deutsche Bank was entitled to summary judgment and a decree of foreclosure.

{¶ 15}  In his appellate brief, Ziegler does not challenge the sufficiency of the evidentiary materials that were submitted. Instead, he contests only the trial court's failure to let him proceed on the affirmative defenses that he pled. However, Ziegler failed to present evidence in the trial court in the form required by Civ.R. 56. In this regard, Civ.R. 56(C)

provides that:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.* (Emphasis added).

**{¶ 16}** Civ.R. 56(E) further states that:

When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule*, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party. (Emphasis added.)

**{¶ 17}** Ziegler's memorandum in opposition to summary judgment contains allegations only, and no sworn affidavit in support of the allegations. Because "an unsworn declaration is not an affidavit, it cannot be considered as evidence under Civ.R. 56." *Pollock v. Brigano*, 130 Ohio App.3d 505, 509, 720 N.E.2d 571 (12th Dist.1998). *Accord Frees v. ITT Technical School*, 2d Dist. Montgomery No. 23777, 2010-Ohio-5281, ¶ 18, citing *In re Disqualification of Pokorny,* 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992), and *Pollock* at 509.

**{¶ 18}** Although Ziegler was not represented by an attorney during the trial court proceedings, he was still required to comply with the Ohio Rules of Civil Procedure. "Litigants

who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Thus, "a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.' " *Id.*

{¶ 19} Accordingly, the trial court did not err in failing to consider Ziegler's affirmative defenses. Ziegler failed to properly support his contentions and to submit documentation in compliance with Civ.R. 56.

{¶ 20} As an additional matter, we note that after the time had elapsed for filing briefs, Ziegler filed a motion with our court, asking us to disqualify Deutsche Bank's counsel. Ziegler has also asked to cite additional authorities pursuant to App.R.21(I). In this regard, App.R. 21(I) states that:

> If counsel on oral argument intends to present authorities not cited in the brief, counsel shall, at least five days prior to oral argument, present in writing such authorities to the court and to opposing counsel, unless there is good cause for a later presentment.

{¶ 21} Although Ziegler's motion was timely filed, the motion is without merit. After reviewing the matter, we conclude that Ziegler is not actually seeking to submit additional authorities to aid our decision on the assignment of error that has been raised; instead, he is asking us to consider an additional argument that was never presented to the trial court and was not assigned as an error in his appellate brief.

{¶ 22} Specifically, Ziegler is now claiming that Deutsche Bank is not the holder of the

note under Ohio law because, in order to be a holder, Deutsche Bank must possess the original note, and the note must be payable to "bearer" or to "Deutsche Bank." In this regard, Ziegler contends that the note produced by Deutsche Bank is not the original document and contains no signature, allonge, or blank endorsement that would qualify as a proper endorsement of the note to Deutsche Bank.

{¶ 23} Based on these alleged facts, Ziegler accuses Deutsche Bank's counsel of having introduced misrepresentations of fact into evidence in the trial court, with knowledge of the falsity of the facts or having been reckless in that regard. Ziegler, therefore, asks that Deutsche Bank's counsel, including its entire law firm, be disqualified as counsel for the bank. According to Ziegler, the "severity of the criminal fraud" upon the trial court "was not knowable at least until the false Affidavit was entered into evidence on March 4, 2013 – eight months after filing the foreclosure complaint." Ziegler Motion to Disqualify Appellee's Counsel and Cite Additional Authorities Pursuant to Rule 21(I), p. 2.

{¶ 24} "Ordinarily, a court of appeals does not review an assignment of error not properly raised in a brief. See App.R. 16(A). However, the court may, in the interest of justice, consider errors that an appellant has failed to assign or to brief." *State v. Cooper*, 1st Dist. Hamilton No. C-030921, 2004-Ohio-6428, ¶ 7, citing App.R. 12(A)(2) and *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). In *Cooper*, the court of appeals recast a "supplemental authority" request as an additional assignment of error. *Id.*

{¶ 25} We see no basis, under the applicable law, for allowing Ziegler's additional argument. As was noted, the summary judgment motion, with supporting materials, was filed on March 4, 2013. The trial court ordered all responses to summary judgment to be filed by

March 26, 2013, and Ziegler's response was, in fact, filed in the trial court on March 22, 2013. Ziegler, therefore, had time to review the bank's documents, and had the opportunity to raise issues about the affidavit in the trial court. However, he failed to do so. When Ziegler's appellate brief was filed in our court on July 1, 2013, Ziegler had another opportunity to assert arguments about the affidavit at that time. He, again, failed to raise the issue.

{¶ 26} If Ziegler believes that fraud has been committed, he can raise the matter in the trial court pursuant to a Civ.R.60(B)(3) motion, which allows vacation of judgments based on fraud or misconduct of an adverse party. The trial court is a more appropriate forum for this matter, particularly since the issue has not been previously considered. In this regard, we note that Ziegler has already filed a motion in the trial court seeking to vacate the summary judgment decision. Although the trial court overruled the motion because of the pending appeal, the court can consider the motion when this appeal concludes.

{¶ 27} Furthermore, the court of appeals is not the proper forum for asserting a disqualification claim. Ziegler suggests in the motion that the bank's counsel should be disqualified based on Prof.Cond.R. 3.7, which prohibits lawyers from acting as advocates where they are likely to be necessary witnesses. This is an issue that would be handled in the trial court, since that, rather than an appellate court, is the forum in which a lawyer would testify. In *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 15 (1st Dist.), the court of appeals observed that:

> [T]he proper procedure for a trial court to follow in determining whether
> to disqualify an attorney who has been called to testify by the opposing party is for
> the court to (1) determine whether the attorney's testimony is admissible and (2)

determine whether the attorney's testimony is necessary. Under the second part of this analysis, the court must decide whether the attorney's testimony is relevant and material to the issues being litigated and whether the testimony is unobtainable elsewhere. If the court determines that the lawyer's testimony is admissible and necessary, the court must then determine whether any of the exceptions set forth under Rule 3.7 apply. *Id.* at ¶ 15.

**{¶ 28}** No matter is pending in this court that would require testimony. Accordingly, this is not the forum in which Ziegler's request for disqualification should be considered.

**{¶ 29}** Based on the preceding discussion, Ziegler's sole assignment of error is overruled. Ziegler's motion for disqualification and to cite additional authorities is also overruled.

### III. Conclusion

**{¶ 30}** Ziegler's sole assignment of error having been overruled, the judgment of the trial court is affirmed. Ziegler's motion for disqualification and to cite additional authorities is also overruled.

. . . . . . . . . . . . .

FAIN and HALL, JJ., concur.

Copies mailed to:

Charles F. Allbery, III
Canice J. Fogarty
Talbot D. Ziegler
Douglas M. Trout
Hon. Michael Tucker