[Cite as *Sholar v. Sholar*, 2025-Ohio-4883.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| LONNIE ALLAN SHOLAR | : | |
| | : | C.A. No. 30550 |
| Appellant | : | |
| | : | Trial Court Case No. 2018 DR 00101 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| ERIN ELIZABETH SHOLAR | : | Domestic Relations) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 24, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

WOLODYMYR STRILECKYJ, Attorney for Appellant
HEATHER DUWEL-MEHL, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant Lonnie Sholar ("Father") appeals from the trial court's judgment granting Defendant-Appellee Erin Sholar's ("Mother") motion for disqualification of his counsel. Father did not respond to Mother's motion before the trial court. Upon review, based on the trial court's consideration of the facts and its finding that none of the exceptions in Prof.Cond.R. 3.7(a) applied, the court was not required to hold a hearing on Mother's unopposed motion before entering its decision. For the reasons outlined below, we affirm the judgment of the trial court.

## I.    Background Facts and Procedural History

{¶ 2} Father and Mother have been intertwined in an ongoing custody dispute. Since August 16, 2019, the parties have utilized a shared parenting plan and decree with an equal parenting time schedule.

{¶ 3} According to Mother, on June 12, 2025, Father willfully violated the parties' shared parenting order and refused to return the minor children to Mother following his authorized parenting time. That same day, the trial court issued an ex parte order directing Father to immediately allow Mother to pick up the children.

{¶ 4} When Mother sought to pick up the children per the court's order, she learned that Sheena Skabla, Father's girlfriend and his attorney's legal assistant, had transported the children and concealed them in the law office of Father's attorney, Wolodymyr Strileckyj. Mother appeared at the law office to retrieve her children in accordance with the court's

order and was accompanied by law enforcement officers to ensure a peaceful exchange.

{¶ 5} When Mother arrived at the law office, Strileckyj intervened in the matter and shouted at Mother to "get the hell out" while she was attempting to leave the building with the children. Strileckyj interacted with the law enforcement officers who had accompanied Mother, and those interactions were apparently recorded.

{¶ 6} Following the events at Strileckyi's office, on June 17, 2025, Mother filed a motion for disqualification of counsel in the trial court that averred the facts set forth above, and she included an affidavit regarding the truth of the statements in her motion. Mother argued that Strileckyj had become a material witness to events central to the contested issues in this case (e.g. the willful and unlawful interference in Mother's parenting time and concealment of the children), and as a result, his continued representation of Father was ethically improper and prejudicial. She asserted that she was at the law office, accompanied by law enforcement, for the sole purpose of exercising her parenting rights as ordered by the court and that her presence at the office was neither unlawful nor threatening. Mother claimed that since the incident, Strileckyj had stated his intention to file a restraining order against her because of the incident. Fundamentally, she contended that as an officer of the court, Strileckyj's allowing the children to be in his office while Father was evading the court's order regarding the children made him a material witness in the case. She added that Strileckyj's threat to pursue a restraining order against her was retaliatory and served only to further complicate and prejudice the litigation, highlighting the untenable nature of Strileckyj's dual role as an advocate and witness. She asserted that Strileckyj was no longer able to objectively or ethically separate himself from his own conduct during the incident, particularly when he attempted to cast Mother's lawful behavior as wrongful.

{¶ 7} Father never filed a response to Mother's motion for disqualification. Twenty days after Mother filed her Motion, the trial court granted Mother's motion and disqualified Strileckyj as Father's counsel. In its decision, the trial court reasoned that Strileckyj was precluded from continuing to represent Father in this matter because he had become a necessary witness, and no exceptions under Prof.Cond.R. 3.7(a) applied. Father appealed the trial court's decision.

## II.     Assignment of Error

{¶ 8} Father's assignment of error states:

THE COURT COMMITTED PLAIN ERROR, ABUSED ITS DISCRETION AND ACTED UNREASONABLY, ARBITRARILY OR UNCONSCIONABLY AND ERRED AS A MATTER OF LAW WHEN IT ISSUED A DECISION DISQUALIFYING PLAINTIFF'S COUNSEL, USING THE SUPREME COURT OHIO RULES OF PROFESSIONAL CONDUCT UPON A MOTION FILED BY DEFENDANT FOR DISQUALIFICATION, WHILE A HEARING REGARDING ALL MOTIONS WAS SCHEDULED, PENDING AND ABSENT ANY EVIDENCE, PARTICULARLY WHEN COUNSEL FOR THE PLAINTIFF WAS NEVER SUBPOENAED OR LISTED AS WITNESS.

{¶ 9} On appeal, Father contends that the trial court erred in failing to conduct a hearing before issuing its decision on Mother's disqualification motion. He argues that the trial court abused its discretion by disqualifying Strileckyj without conducting an evidentiary hearing or having sufficient evidence in the record to demonstrate that disqualification was justified under Prof.Cond.R. 3.7(a).

{¶ 10} A motion to disqualify counsel is a request made by a party to the court to remove the opposing party's attorney from the case, usually based on a conflict of interest

4

or another ethical violation. In general, an opposing party may serve a response to a written motion for disqualification within fourteen days after service of the motion. *See* Civ.R. 6(C)(1).

{¶ 11} Prof.Cond.R. 3.7(a) provides that an attorney may not act as an advocate and a witness at a trial, subject to certain exceptions, stating:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely

to be a necessary witness unless one or more of the following applies:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services

rendered in the case;

(3) the disqualification of the lawyer would work *substantial* hardship on

the client.

{¶ 12} Under this rule, an attorney is prohibited from simultaneously serving as counsel and a witness except in those circumstances specified in divisions (a)(1) to (3). Prof.Cond.R. 3.7(a), Comment 3. An opposing party has a proper objection to counsel's continued representation where counsel's combination of roles as advocate and witness may prejudice that party's rights in the litigation. *Id*. at Comment 2.

{¶ 13} In *Damron v. CSX Transp., Inc.*, 2009-Ohio-3638 (2d Dist.), we held that in the context of a motion to disqualify counsel, Prof.Cond.R. 3.7(a) "functions to allow the court to exercise its inherent power of disqualification to prevent a potential violation of rules governing attorney conduct." *Id.* at ¶ 39, citing *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256 (1987). In *Deutsche Bank Trust Co. v. Ziegler*, 2014-Ohio-471 (2d Dist.), we also observed that:

5

"[T]he proper procedure for a trial court to follow in determining whether to disqualify an attorney who has been called to testify by the opposing party is for the court to (1) determine whether the attorney's testimony is admissible and (2) determine whether the attorney's testimony is necessary. Under the second part of this analysis, the court must decide whether the attorney's testimony is relevant and material to the issues being litigated and whether the testimony is unobtainable elsewhere. If the court determines that the lawyer's testimony is admissible and necessary, the court must then determine whether any of the exceptions set forth under Rule 3.7 apply."

(Bracketed text in original.) *Id.* at ¶ 27, quoting *Brown v. Spectrum Networks, Inc.,* 2008-Ohio-6687, ¶ 15 (1st Dist.).

{¶ 14} While the burden of proving that disqualification is necessary falls upon the moving party, the burden of proving whether one of the exceptions to Prof.Cond.R. 3.7(a) applies is upon the attorney seeking to claim the exception. *Baldonado v. Tackett,* 2009-Ohio-4411, ¶ 20 (6th Dist.). We review a trial court's decision to disqualify a party's counsel under an abuse of discretion standard. *Champoir v. Champoir*, 2019-Ohio-2235, ¶ 15 (8th Dist.), citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426 (1995). An abuse of discretion has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 15} In her unopposed motion for disqualification, Mother asserted that Strileckyj was a central witness to a contested event that was material to the case and thus must be disqualified to protect the interests of justice and to allow Mother a fair opportunity to litigate the issues before the court. Mother filed her motion on June 17, and 20 days later, the trial

6

court entered its ruling. Father had 14 days to respond to Mother's motion but failed to file an opposing memorandum or request a hearing.

{¶ 16} In rendering its decision, the trial court relied on the undisputed facts set forth in Mother's motion for disqualification with her affirming affidavit, which asserted that Strileckyj was actively involved in withholding the children at his law office; he directly interacted with the police officers accompanying Mother when she retrieved the children; and he threatened Mother with a restraining order to retaliate against her. As pointed out by Mother, the trial court explicitly applied Prof.Cond.R. 3.7(a) to the facts in this case and concluded that none of the exceptions in divisions (a)(1) to (3) of the rule applied.

{¶ 17} Although the trial court's decision granting Mother's motion for disqualification was not particularly expansive, we conclude that given the unopposed motion and the trial court's entry, the trial court applied the proper procedure in determining whether to disqualify Strileckyj. Our review of the record indicates that sufficient facts were before the trial court to support its grant of Mother's unopposed motion to disqualify. We agree with Mother that based on the unopposed motion and affidavit before the trial court, Strileckyj acted as an advocate and participant by permitting the concealment of the children in his office, shouting at Mother to leave his office, and by interacting with the police during the incident. We further agree with the trial court that Strileckyj's actions and statements made him a necessary witness in this dispute and that no exception under Prof.Cond.R. 3.7(a) applied.

{¶ 18} In many instances, it would be prudent for a trial court to hold an evidentiary hearing on a motion to disqualify counsel. However, it was not necessary in this case. Mother's motion for disqualification included a memorandum with authorities supporting the request and stated with particularity the grounds upon which the motion was brought. Father failed to file an opposing memorandum or request oral argument. Mother's written motion

7

and affirming affidavit, coupled with the documents previously filed in the case, contained sufficient facts for the trial court to apply the proper test prior to Strileckyj's disqualification. *See McCormick v. Maiden*, 2014-Ohio-1896, ¶ 22 (6th Dist.). Accordingly, we cannot say that the trial court erred by failing to hold a hearing on the motion to disqualify.

{¶ 19} The ethical safeguard of Rule 3.7 is designed to protect the integrity of the judicial process, and the trial court's ruling falls within its discretionary power. Father's inconvenience in having to obtain new counsel is not sufficient to outweigh Strileckyj's ethical duties. Under these circumstances, we cannot say the trial court's decision was unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion when it granted Mother's unopposed motion to disqualify Strileckyj. Father's assignment of error is overruled.

### III. Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.