ENVIRONMENTAL NETWORK CORPORATION et al., Appellees,

v.

TNT RUBBISH DISPOSAL, INC. et al., Appellants.

[Cite as *Environmental Network Corp. v. TNT Rubbish Disposal, Inc.* (2001), 141 Ohio App.3d 377.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77626.

Decided Feb. 12, 2001.

*Vorys, Sater, Seymour & Pease, John Winship Read* and *Amanda Martinsek,* for appellees Waste Management of Ohio, Inc. et al.

*Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co.* and *Robert B. Casarona*; and *Robert E. Ashton,* for appellants.

JAMES J. SWEENEY, Judge.

TNT Rubbish Disposal, Inc., Anthony Gattarello, Brenda Gattarello, Christopher Gattarello, and Kim Gattarello DeFranco ("TNT") appeal from a decision of the common pleas court disqualifying pursuant to DR 5–102(A) Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co. as their counsel. TNT complains on appeal that the court abused its discretion when it required the Climaco law firm to withdraw as counsel. After careful review, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

The record reveals that on June 20, 1997, TNT signed a letter of intent with Environmental Network Corporation and Environmental Network Corporation Management Corporation ("the Wetterich Companies") to sell its operating assets. The Wetterich Companies in turn would then sell those assets to Waste Management Corporation of Ohio, Inc. TNT retained Daria Futey, a former associate, and Dennis Wilcox, a principal of the Climaco law firm, to represent TNT in its negotiations with the Wetterich companies. After those negotiations failed to produce an agreement, TNT sold its assets directly to Waste Management.

On March 19, 1998, the Wetterich Companies filed an action against TNT for breach of contract and action on account. On April 24, 1998, TNT filed its answer and counterclaimed against the Wetterich Companies and new-party defendant, John Wetterich, for breach of contract, fraud, fraudulent inducement, bad faith, negligent misrepresentation, and action on account. Thereafter, on July 16, 1998, Waste Management filed a motion to intervene in the action, which the court granted. Mid–American Waste Systems, Inc. and Ohio Bulk Transfer, Inc. have filed creditor's bills against the Wetterich Companies, and the Wetterich Companies also have an action against TNT on a cognovit note. These three cases were consolidated by the trial court with this case but are not relevant for the purposes of this appeal.

On June 23, 1999, the trial court referred this case to business mediation. However, on January 11, 2000, after the mediation failed to produced a settlement between the parties, the court conducted a status conference to determine the propriety of disqualifying Futey, Wilcox, and Robert Warren of Hermann, Cahn & Schneider, who represented the Wetterich Companies. At this conference, TNT submitted a motion for summary judgment on the Wetterich Companies' breach of contract claim, thereby obviating the need for Futey or Wilcox's testimony. On January 19, 2000, the court disqualified both Climaco and Hermann, Cahn & Schneider. Thereafter, TNT filed a motion for reconsideration and attached the affidavit of Kim Gattarello DeFranco stating that she and her parents were intimately familiar with and active participants in the negotiations between TNT and the Wetterich Companies. Thus, Futey's testimony would be unnecessary, and it would be a substantial hardship to retain new counsel. The court overruled that motion. TNT and the Gattarellos appeal from the disqualification of counsel and raise five assignments of error. Because every assignment of error addresses the issue of disqualification of counsel, they will be discussed together and state as follows:

"I. The trial court abused its discretion by disqualifying the Climaco firm based upon the trial court's erroneous conclusion that DR 5–102 mandates without exception the disqualification of counsel where a member of counsel's law firm may be a witness at the trial of the action.

"II. The trial court abused its discretion by prematurely disqualifying the Climaco law firm before ruling on dispositive motions that may obviate any need for Climaco lawyer testimony in this action.

"III. The trial court abused its discretion by disqualifying the Climaco law firm where neither the plain language nor the policy underlying DR 5–102(A) require[s] disqualification of the Climaco law firm where a former lawyer with the Climaco firm may be a witness at the trial of this action.

"IV. The trial court abused its discretion by not following the appropriate procedure for determining disqualification in this action."

TNT contends that the court erroneously disqualified the Climaco law firm. Waste Management has filed a brief concerning the disqualification of Hermann, Cahn and Schneider, but it does not take a position regarding the disqualification of the Climaco law firm. Thus, this issue on appeal is limited to whether the court abused its discretion when it required the Climaco law firm to withdraw as counsel for TNT.

We begin by noting that DR 5–102(A) provides:

"If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as

a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4)."

Further, in *Mentor Lagoons, Inc. v. Rubin* (1987), 31 Ohio St.3d 256, 31 OBR 459, 510 N.E.2d 379, the court addressed whether an attorney was competent as a witness and articulated a test for disqualification of counsel in paragraph two of the syllabus:

"When an attorney representing a litigant in a pending case requests permission or is called to testify in that case, the court shall first determine the admissibility of the attorney's testimony without reference to DR 5–102(A). If the court finds that the testimony is admissible, then that attorney, opposing counsel, or the court sua sponte, may make a motion requesting the attorney to withdraw voluntarily or be disqualified by the court from further representation in the case. The court must then consider whether any of the exceptions to DR 5–102 are applicable and, thus, whether the attorney may testify and continue to provide representation. In making these determinations, the court is not deciding whether a Disciplinary Rule will be violated, but rather preventing a potential violation of the Code of Professional Responsibility." See, also, *155 N. High, Ltd. v. Cincinnati Ins. Co.* (1995), 72 Ohio St.3d 423, 650 N.E.2d 869; *Jackson v. Bellomy* (1995), 105 Ohio App.3d 341, 663 N.E.2d 1328.

Finally, in *Sneary v. Baty* (Aug. 14, 1996), Allen App. No. 1–96–13, unreported, 1996 WL 479579, the court reversed the lower court's disqualification of counsel in a defamation, libel, and slander action because the record did not indicate the necessity of the attorney's testimony or that either party intended to call him as a witness.

According to the App.R. 9(C) statement submitted in the instant case, the court conducted a status conference but failed to determine the admissibility of Futey or Wilcox's testimony and did not consider the applicability of the exceptions to DR 5–102 pursuant to *Mentor Lagoons*. Further, DeFranco stated in her affidavit that she regularly spoke with Futey and reviewed correspondence and the proposed agreement, and attended negotiations with her parents. As a result of their involvement, they are able to testify concerning the contract negotiations, and Futey's and Wilcox's testimony would not be necessary. Finally, DeFranco concluded that the Climaco law firm has been TNT's counsel for many years and knows the complexities of these contractual disputes such that retaining alternative counsel would cause them substantial hardship.

Based on the court's failure to follow *Mentor Lagoon's* test and DeFranco's affidavit, the trial court abused its discretion when it ordered the Climaco law firm to withdraw as counsel. Accordingly, the judgment of the trial court is

reversed, and the cause is remanded with instructions to determine the necessity of Futey's and Wilcox's testimony and, if such necessity does exist, to determine whether any of the circumstances listed in DR 5–101(B)(1) through (4) are applicable.

*Judgment reversed*
*and cause remanded.*

FRANK D. CELEBREZZE, JR., P.J., and COLLEEN CONWAY COONEY, J., concur.