[Cite as *Weadock v. Taha*, 2018-Ohio-2108.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| JANICE L. WEADOCK | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2017-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-219 |
| | : | |
| JAMAL TAHA, M.D., et al., | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendants-Appellees* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of June, 2018.

. . . . . . . . . . .

ALFRED J. WEISBROD, Atty. Reg. No. 0031240, P.O. Box 513, Dayton, Ohio 45409
    Attorney for Plaintiff-Appellant

PATRICK K. ADKINSON, Atty. Reg. No. 0016980, 4407 Walnut Street, Suite 210, Dayton, Ohio 45440
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, Janice L. Weadock, appeals from the trial court's decision of November 20, 2017, in which the court disqualified her attorney from continuing to represent her in this matter pursuant to Prof. Cond. Rule 3.7(a). Raising three assignments of error, Weadock contends that the decision should be reversed because it derives from the trial court's faulty determination that her attorney would be a necessary witness at trial. We find that the court did not err as contended, and therefore we affirm.

## I. Facts and Procedural History

{¶ 2} On May 24, 2015, Defendant-appellee, Dr. Jamal Taha, performed surgery on Weadock's lower back at Kettering Medical Center. Second Am. Compl. ¶ 18; Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 8. Afterward, Weadock experienced complications that Taha attempted to correct through additional surgery on June 4, 2015. Second Am. Compl. ¶ 40; Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 13. The second surgery did not improve Weadock's condition. Second Am. Compl. ¶ 43-49; *compare with* Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 14-16.

{¶ 3} On May 23, 2016, Weadock filed a complaint against Taha; Kettering Health Network; Genesis Health Care, LLC; and the Secretary of the United States Department of Health and Human Services.[1] The complaint asserted four causes of action against Taha: negligence, fraudulent concealment, failure to obtain informed consent, and

---

[1] Nothing has been filed on behalf of the Department of Health and Human Services in this case. On July 3, 2017, Weadock voluntarily dismissed her claims against Kettering Health Network with prejudice, and on November 7, 2017, she dismissed her claims against Genesis Health Care, LLC, also with prejudice.

battery.

{¶ 4} On October 11, 2016, Taha moved to disqualify Weadock's counsel under Prof. Cond. Rule 3.7(a). In his motion, Taha argued that disqualification was required under the rule because Weadock's counsel had personally participated in significant events underlying the complaint, making counsel a necessary witness. The trial court overruled the motion, finding only a "mere possibility" that counsel would be called to testify at trial; that counsel's testimony could be replaced with that of another witness; and that counsel's testimony would not necessarily relate to a contested issue. Decision on Mot. to Disqualify 3-5, Nov. 8, 2016; *see also* Prof. Cond. Rule 3.7(a)(1)-(3).

{¶ 5} Genesis Health Care, LLC then moved for judgment on the pleadings. In a decision docketed on December 16, 2016, the trial court overruled the motion but ordered Weadock to amend her complaint in compliance with Civ.R. 10(D)(2)(a). Weadock filed an amended complaint on January 17, 2017. The causes of action asserted against Taha were unchanged.

{¶ 6} On March 31, 2017, Weadock requested leave to file a second amended complaint for the purpose of adding a claim against Taha for spoliation, citing evidence obtained through discovery purportedly indicating that Taha had destroyed a key document in anticipation of litigation. *See* Mot. for Leave to File a Second Am. Compl. 6, Mar. 31, 2017. The court initially denied Weadock's request, though it later reconsidered its ruling and sustained the motion. Decision Denying Pl.'s Mot. for Leave to File Second Am. Compl. 2-3, Apr. 24, 2017; Decision Granting Pl.'s Mot. for Leave to File Second Am. Compl. 2, June 15, 2017.

{¶ 7} Weadock filed her second amended complaint on June 21, 2017. In the

newly included spoliation claim, Weadock alleged that Taha had destroyed a document memorializing a meeting held on July 22, 2015, and attended by Taha himself, Weadock's counsel, and one of Weadock's personal friends. Second Am. Compl. ¶ 67-74 and 107-118; *see also* Appellant's Br. 2-3. Taha allegedly destroyed the document "to produce a defense" to Weadock's claims against him. Second Am. Compl. ¶ 116.

{¶ 8} On August 23, 2017, Taha filed a second motion to disqualify Weadock's counsel. The trial court sustained the motion in its decision of November 20, 2017, and Weadock timely filed her notice of appeal two days later.

## II. Analysis

{¶ 9} In her brief, Weadock argues that the trial court erred by sustaining Taha's second motion to disqualify. *See* Appellant's Br. 3-5. Weadock presents her argument as three assignments of error, which we address together. For her first assignment of error, Weadock contends that:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT HELD THAT THE ANTICIPATED TESTIMONY OF JUDITH R. FELLERS REGARDING WHAT SHE HEARD AND SAW AT A MEETING ON JULY 22, 2015 WOULD BE INADMISSIBLE HEARSAY.

For her second assignment of error, Weadock contends that:

> THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT HELD THAT ATTORNEY ALFRED J. WEISBROD IS A "NECESSARY WITNESS" FOR THE PURPOSES OF PROF. COND. R[ULE] 3.7.

And for her third assignment of error, Weadock contends that:

THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT DISQUALIFIED ALFRED J. WEISBROD AS HER ATTORNEY.

Appellant's Br. 1, 5 and 8-9.

{¶ 10} Weadock argues that her counsel need not testify at trial because her friend, Judith R. Fellers, can testify in counsel's place, rendering counsel's testimony unnecessary. Appellant's Br. 8. In its decision sustaining Taha's second motion to disqualify, the trial court concluded that Fellers could not testify in counsel's place because Fellers's testimony would consist of inadmissible hearsay. Decision Granting Mot. to Disqualify Counsel 7-8, Nov. 20, 2017 [hereinafter *Decision*].

{¶ 11} According to Prof. Cond. Rule 3.7(a), "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness" unless: (1) the lawyer's testimony "relates to an uncontested issue"; (2) the lawyer's testimony relates to "the nature and value of legal services rendered in the case"; or (3) the lawyer's "disqualification * * * would work substantial hardship on the client." (Emphasis omitted.) The instant matter revolves around the question of whether Weadock's counsel is a "necessary witness," or in other words, whether the testimony to be offered by Weadock's counsel is "admissible and unobtainable through other * * * witnesses."[2] (Citations

---

[2] The relevant testimony here relates to a contested issue, and Weadock's counsel would not be testifying about the nature and value of legal services. *See* Second Am. Compl. ¶ 67-74 and 107-118; Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 2, 14, 19-21 and 27-34; Appellant's Br. 5-9. At oral argument, Weadock contended that the "substantial hardship" exception applies in this case, referring to the potential for delay and expense associated with engaging substitute counsel. These concerns, however, have not been deemed to be "substantial" hardships within the meaning of the rule. *See, e.g., 155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 429-430, 650 N.E.2d 869 (1995); *Rock v. Sanislo*, 9th Dist. Medina No. 09CA0031-M, 2009-Ohio-6913, ¶ 18-19.

omitted.) *Gonzalez-Estrada v. Glancy*, 2017-Ohio-538, 85 N.E.3d 272, ¶ 12 (8th Dist.); *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, 904 N.E.2d 576, ¶ 14-15 (1st Dist.). We review the trial court's decision for abuse of discretion. *Gonzalez-Estrada*, 2017-Ohio-538, ¶ 10, citing *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 650 N.E.2d 869 (1995); *Brown*, 2008-Ohio-6687, ¶ 10, citing *155 N. High Ltd.*, 72 Ohio St.3d at 426, and *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} Weadock's inclusion of a claim for spoliation against Taha in her second amended complaint led the trial court to conclude not only that her counsel would be a necessary witness at trial, but also that counsel's "continued representation [would] undermine the integrity of the proceedings." Decision 6. The claim itself arises from a meeting attended by Taha, Weadock's counsel, and Fellers on July 22, 2015. Second Am. Compl. ¶ 107-116; Decision 2. Taha maintains that during the meeting, Weadock's counsel told him to take no further action with respect to Weadock's treatment unless instructed by counsel to do so. Appellee's Br. 3-4; Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 31-32. Weadock denies that her counsel made these statements and accuses Taha of destroying a contemporaneous written record of the meeting in order to perpetuate "a deliberate deception designed to disrupt [her] case." Second Am. Compl. ¶ 116; Appellant's Br. 5.

{¶ 13} We find that the trial court did not abuse its discretion by disqualifying Weadock's counsel. First, we concur with the trial court's determination that although Fellers attended the meeting of July 22, 2015, any testimony she might provide regarding that which counsel said, or did not say, would constitute hearsay. Decision 8. Second,

we concur that in light of the role played by Weadock's counsel in the events underlying the complaint, counsel's continued representation of Weadock in this case would be inappropriate. *Id.* at 6-7.

{¶ 14} On July 21, 2015, Weadock executed a durable power of attorney for health care authorizing counsel to make medical decisions on her behalf, and the substance of the instructions, if any, subsequently given by counsel to Taha at the meeting on July 22, 2015, is the central issue of fact presented by Weadock's claim for spoliation. *Id.* at 1 fn.1; *see* Second Am. Compl. ¶ 107-116; Answer of Jamal Taha, M.D. to Second Am. Compl. ¶ 31-32. Weadock insists that because "[n]ot stating something cannot be an 'assertion,' " Fellers's testimony about statements she did not hear during the meeting is not "hearsay" as defined by Evid.R. 801(A) and (C).[3] Appellant's Br. 6-7.

{¶ 15} Weadock's position has some support in the case law. For instance, the Supreme Court of Ohio held that the hearsay rule did not apply to the testimony of a witness who "overheard [one man] ask [another man,] prior to [a] robbery," where he "could obtain a gun and ammunition." *State v. Carter*, 72 Ohio St.3d 545, 548, 651 N.E.2d 965 (1995). The Court observed that because an inquiry of the referenced kind is not a declarative statement of fact or observation, it cannot "by its nature * * * be prove[n] either true or false" and does not constitute an "assertion" for purposes of Evid.R. 801. *See id.* at 549; *see also* Evid.R. 801(A) and (C). As a result, the Court found that when a witness testifies to overhearing such a question, the purpose of incorporating the

---

[3] Specifically, Weadock argues that because Fellers's testimony would include no "statement" as that term is defined by Evid.R. 801(A), the testimony would not be "hearsay" as that term is defined by Evid.R. 801(C) inasmuch as Fellers would not be offering "a statement" into evidence as part of her testimony.

question into the testimony "cannot be * * * 'to prove the truth of the matter asserted.' " *See id.* Applying the same principles, we have held that a witness's testimony does not necessarily violate the hearsay rule when the witness testifies to that which the witness did not hear. *See Damron v. CSX Transp., Inc.*, 184 Ohio App.3d 183, 2009-Ohio-3638, 920 N.E.2d 169, ¶ 41 (2d Dist.) (remarking that the "trial court correctly found" that an attorney could testify "that he [and another attorney] did not discuss spoliation of evidence" because the testimony "would not be offered to prove the truth of the matter [which was] discussed").

{¶ 16} Yet, in the case at hand, the question of what Weadock's counsel said or did not say is a pivotal question of fact, and Weadock acknowledges that she seeks to prove the substance of the conversation between counsel and Taha by relying entirely on the testimony of Fellers, a third party. *See* Appellant's Br. 7. Thus, even assuming for sake of argument that Fellers's testimony would not violate the letter of the hearsay rule, her testimony in the context of Weadock's spoliation claim would, in our view, violate the spirit of the rule. *See* Evid.R. 802.

{¶ 17} Moreover, we agree with the trial court that because Weadock's counsel participated in the events underlying the complaint, counsel's continued representation of Weadock would not be appropriate. Notwithstanding that Prof. Cond. Rule 3.7(a) "does not [reflexively] render a lawyer incompetent to testify as a witness on [a client's] behalf," the rule does permit a court "to exercise its inherent power of disqualification to prevent a potential violation of [the] rules governing attorney conduct." (Citation omitted.) *Damron*, 2009-Ohio-3638, ¶ 39; *see also, e.g., Karaman v. Pickrel, Schaeffer & Ebeling Co.*, 2d Dist. Montgomery No. 21813, 2008-Ohio-4139, ¶ 9-14 (considering equivalent

provisions of the former Code of Professional Responsibility).

{¶ 18} Here, Weadock's counsel would effectively be testifying by proxy were he permitted to examine Fellers about statements he himself made or did not make, which among other things, would seem to violate Taha's right to confront and cross-examine adverse witnesses.[4] *See, e.g., Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 180 (2d Cir.2009) (interpreting a similar rule and finding that it was intended to prevent, among other things, the possibility that by representing a party at trial and simultaneously testifying as a material witness, a "lawyer might appear to vouch for his own credibility," or blur "the line between argument and evidence," thereby confusing the jury); *Waite, Schneider, Bayless & Chelsey Co., L.P.A. v. Davis*, 253 F.Supp.3d 997,1018-1020 (S.D.Ohio 2015) (finding disqualification appropriate for an attorney who would be a necessary witness at trial and had participated extensively in pretrial discovery); *Baker v. BP Am., Inc.*, 768 F.Supp. 208 (N.D.Ohio 1991) (finding disqualification of an attorney and his firm appropriate because of the attorney's involvement in underlying events). For that matter, the underlying involvement of Weadock's counsel, to whom Weadock had given a durable power of attorney for health care, creates the possibility of a conflict of

---

[4] For example, at the time of the meeting on July 22, 2015, Weadock was a patient at Upper Valley Medical Center in Troy. *See* Decision 2-3. Fellers testified at her deposition that, during the meeting, Taha expressed a desire to have Weadock transferred from Upper Valley Medical Center, where Taha did not have surgical privileges, to Kettering Medical Center, where Taha did have surgical privileges. *See id.* (quoting a portion of Fellers's deposition); *see also* Appellee's Br. 3-4. At trial, Taha's counsel would be unable to cross-examine Fellers about the response of Weadock's counsel, if any, to Taha's interest in having Weadock transferred because Fellers could not quote or paraphrase any statements made by Weadock's counsel, or indicate the meaning of counsel's nonverbal expressions, without violating the hearsay rule. *See* Evid.R. 801(A) and (C).

interest for purposes of Prof. Cond. Rule 1.7.   *See also* Prof. Cond. Rule 1.14 and 3.4.

### III. Conclusion

{¶ 19} We find that the trial court did not abuse its discretion by disqualifying Weadock's counsel from continuing to represent her.   Therefore, the assignments of error are overruled and the trial court's decision of November 20, 2017, is affirmed.


. . . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies mailed to:

Alfred J. Weisbrod
Patrick K. Adkinson
Warren Enders
Charles Shane
Medicare Benefits Coordination & Recovery Center
Hon. Jeannine N. Pratt