[Cite as *Goebel v. Hopkins*, 2024-Ohio-194.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CHARLES E. GOEBEL, et al., | : | |
| | | CASE NO. CA2023-06-044 |
| Appellants, | : | |
| | | O P I N I O N |
| | : | 1/22/2024 |
| - vs - | : | |
| | : | |
| TIMOTHY J. HOPKINS, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21 CV 94450

Thomas E. Grossmann, for appellants.

Santen & Hughes, and Brian P. O'Connor; and George M. Parker, for appellee.

**M. POWELL, J.**

{¶ 1}   Appellants, Charles and Diane Goebel ("the Goebels"), appeal a decision of the Warren County Court of Common Pleas disqualifying their trial counsel, Thomas Grossmann ("Attorney Grossmann"), from representing them at trial in their lawsuit against appellee, Timothy Hopkins ("Hopkins").

{¶ 2}   In 2020, the Goebels were neighbors of Hopkins on Maxwell Drive in

Mason, Warren County, Ohio. Hopkins' property lies east of the Goebels' property. A property dispute arose between the Goebels and Hopkins regarding Hopkins' construction of a driveway and garage on the Goebels' side of their property contrary to a restriction in Hopkins' deed to his property. When the matter could not be resolved, the Goebels filed a lawsuit against Hopkins on May 25, 2020 (the "Property Dispute Case"). Hopkins filed an answer and counterclaims.

**{¶ 3}** The parties subsequently resolved the Property Dispute Case pursuant to a settlement agreement in January 2021 which was finalized in March 2021 (the "Settlement Agreement"). Pursuant to an entry filed on April 14, 2021, the trial court recognized its continuing jurisdiction to enforce the Settlement Agreement and ordered that the parties' claims against each other be dismissed with prejudice.

**{¶ 4}** In the case at bar, the Goebels filed a complaint against Hopkins on August 3, 2021, and an amended complaint on December 3, 2021, alleging violation of the restrictive covenants in Hopkins' deed to his property, nuisance, breach of the Settlement Agreement, and abuse of process. Hopkins filed an answer and counterclaims on March 15, 2022, and an amended answer and counterclaims on July 1, 2022, alleging abuse of process, malicious prosecution, fraud, defamation, civil conspiracy, injury by criminal conduct, and breach of contract. Hopkins alleged that the Goebels (1) had been involved in three legal actions against Hopkins under a theory of petty vengeance, (2) had sought a civil stalking protection order against Hopkins in October 2020 to obtain leverage over him, (3) purposefully and repeatedly made misrepresentations to Hopkins which he relied upon to sign the Settlement Agreement, (4) published a false statement about Hopkins to the Mason city manager, (5) acted with malice in a joint venture to force Hopkins to execute the Settlement Agreement, (6) engaged in criminal extortion, and (7) breached the Settlement Agreement, including its confidentiality provisions. Hopkins' counterclaims

alleged that he executed the Settlement Agreement based upon fraudulent representations by the Goebels and their legal counsel.

{¶ 5} The Goebels were represented by Attorney Grossmann in the Property Dispute Case; in the case at bar, they are represented by Attorney Grossmann, and since January 2023, by co-counsel Rob Lyons.

{¶ 6} On March 21, 2023, after the parties conducted depositions of Hopkins and Charles Goebel ("Charles"), Hopkins moved to disqualify Attorney Grossmann as counsel for the Goebels under Prof.Cond.R. 3.7 on the ground the attorney is a necessary witness in the litigation. Specifically, Hopkins argued that Attorney Grossmann personally interacted with Hopkins regarding the negotiations of the Settlement Agreement, and as a resident of the neighborhood where the property dispute arose, frequently interacted with people who have been identified as witnesses. The motion included excerpts of Hopkins' deposition; no other evidentiary material was submitted with the motion. Hopkins also issued a subpoena summoning Attorney Grossmann for deposition.

{¶ 7} The Goebels filed a response opposing the motion to disqualify, requested oral argument/hearing, and moved for a protective order to prohibit Hopkins from deposing Attorney Grossmann. An affidavit of Charles was attached to the Goebels' response; four exhibits were attached to Charles' affidavit. One of the exhibits was a February 23, 2021 email between Attorney Grossmann and Hopkins' then counsel indicating that Hopkins had ended counsel's representation regarding the Settlement Agreement and that Hopkins wanted to handle things on his own in the matter, and giving written consent to Attorney Grossmann to speak directly with Hopkins. Charles' affidavit averred he had received a copy of that email.

{¶ 8} On May 8, 2023, without holding an evidentiary hearing, the trial court granted Hopkins' motion to disqualify Attorney Grossmann as counsel for the Goebels in

the case at bar. The trial court found that a central issue before it was the validity of the Settlement Agreement and whether Hopkins entered into the Agreement based upon fraudulent representations. The trial court found that Attorney Grossmann was a necessary witness whose testimony regarding the negotiations leading to the Settlement Agreement was admissible due to Attorney Grossmann's role in the negotiations. Specifically, the trial court noted that during Hopkins' February 16, 2023 deposition, Hopkins and Attorney Grossmann discussed "two phone calls that occurred exclusively between the two of them that led to the Settlement Agreement." The trial court found that

> [T]he deposition transcript makes clear that the negotiations leading to the Settlement Agreement—and the alleged fraudulent representations—occurred exclusively between [Hopkins] and Attorney Grossmann. * * * [Furthermore], the only two persons involved in the settlement negotiations after [Hopkins'] legal counsel withdrew were [Hopkins] and Attorney Grossmann, and Attorney Grossmann admittedly engaged in more than one conversation with [Hopkins] about the settlement.

{¶ 9} The trial court further noted that during Hopkins' deposition, Attorney Grossmann's questioning was substantially directed to communications to which only he and Hopkins were privy and to Hopkins' conduct toward Attorney Grossmann and his wife. The trial court found that Attorney Grossmann's disqualification would not work a substantial hardship on the Goebels because co-counsel Lyons was familiar with the facts of this case and could continue to represent them. The trial court's order of disqualification was limited to Attorney Grossmann's participation only at trial and permitted Attorney Grossman to continue to serve as counsel for the Goebels in pretrial proceedings. The trial court also denied the Goebels' motion for a protective order to prohibit Hopkins from deposing Attorney Grossmann.

{¶ 10} The Goebels now appeal, raising two assignments of error.

{¶ 11} Assignment of Error No. 1:

- 4 -

{¶ 12} THE TRIAL COURT ERRED BY GRANTING HOPKINS' MOTION TO DISQUALIFY THE GOEBELS' COUNSEL.

{¶ 13} The Goebels argue the trial court erred in granting Hopkins' motion to disqualify Attorney Grossmann, raising five issues for review. Specifically, the Goebels assert that the trial court abused its discretion in disqualifying Attorney Grossman (1) based upon the faulty premise that Hopkins' counsel had withdrawn from the case and the Settlement Agreement was negotiated exclusively between Hopkins and Attorney Grossmann, (2) based upon Hopkins' meritless and dismissible fraud claim, (3) without first conducting an evidentiary hearing on the matter, (4) without determining whether Attorney Grossmann's testimony was obtainable through other sources, and (5) without determining whether Attorney Grosmann's continued representation of the Goebels would taint the trial. We find that the third and fourth issues for review are dispositive of this appeal; the first, second, and fifth issues for review are moot and need not be considered. *See Cafaro Co. v. Laserline Corp.*, 7th Dist. Mahoning No. 01-CA-68, 2002-Ohio-5190.

{¶ 14} An order disqualifying a civil trial counsel is a final order that is immediately appealable pursuant to R.C. 2505.02. *Hastings v. Lee*, 5th Dist. Delaware No. 22 CAF 11 0073, 2023-Ohio-2986, ¶ 15, citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 3, 1998-Ohio-439.

{¶ 15} An appellate court reviews a trial court's decision on a motion to disqualify for an abuse of discretion. *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 426, 1995-Ohio-85. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Most instances of an abuse of discretion result in decisions that are unreasonable, as opposed to arbitrary or capricious. *Hastings* at ¶ 16, citing *AAAA*

- 5 -

*Enterprises, Inc. v. River Place Community Urban Redevelopment Corp* (1990), 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one that has no sound reasoning process to support it. *Id.*

**{¶ 16}** Hopkins moved to disqualify Attorney Grossmann pursuant to Prof.Cond.R. 3.7(a). The rule prohibits an attorney from acting as an advocate at a trial in which the attorney is likely to be a necessary witness unless (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) the disqualification of the attorney would work substantial hardship on the client.

**{¶ 17}** "When a trial court reviews a motion for disqualification under Prof.Cond.R. 3.7, the court must: (1) determine whether the attorney's testimony is admissible and, if so, (2) determine if disqualification is necessary and whether any of the exceptions to Prof.Cond.R. 3.7 are applicable." *Baldonado v. Tackett*, 6th Dist. Wood No. WD-08-079, 2009-Ohio-4411, ¶20. The burden of proving that disqualification is necessary falls upon the moving party; the burden of proving that one of the exceptions to Prof.Cond.R. 3.7 applies falls upon the attorney seeking to claim the exception. *McCormick v. Maiden*, 6th Dist. Erie No. E-12-072, 2014-Ohio-1896, ¶11.

**{¶ 18}** A necessary witness under Prof.Cond.R. 3.7 is one whose testimony must be admissible and unobtainable elsewhere. *Brown v. Spectrum Networks, Inc.*, 180 Ohio App.3d 99, 2008-Ohio-6687, ¶ 14 (1st Dist.). Testimony may be relevant and even highly useful but still not strictly necessary. *Reo v. Univ. Hosps. Health Sys.*, 11th Dist. Lake No. 2018-L-110, ¶ 52. A finding of necessity takes into account the significance of the matters, the weight of the testimony, and the availability of other evidence. *Id.* "[A] necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means,

then the attorney is not a necessary witness." *Puritas Metal Prods., Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008-Ohio-4653, ¶ 35; *Lake Royale Landowners Assn. v. Dengler*, 11th Dist. Portage No. 2022-P-0021, 2022-Ohio-2929.

{¶ 19} Under their third and fourth issues for review, the Goebels argue that the trial court abused its discretion by disqualifying Attorney Grossmann as a necessary witness without first conducting an evidentiary hearing on the matter and without determining whether Attorney Grossmann's testimony is obtainable through other sources.

{¶ 20} Prof.Cond.R. 3.7 is silent regarding whether an evidentiary hearing is required on a motion for disqualification. *Reo*, 2008-Ohio-6687 at ¶ 28. The Ohio Supreme Court has "never held that a court must hold an evidentiary hearing before ruling on every motion for disqualification." *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶ 15. The only instance in which the supreme court has held that an evidentiary hearing is required involved the disqualification of an attorney who left one firm and joined a firm representing an opposing party, in other words, a conflict of interest case. *See Kala*, 81 Ohio St.3d at syllabus. Case law indicates that an evidentiary hearing with witnesses is not required or necessary when the parties, in meeting their respective burdens under Prof.Cond.R. 3.7, present sufficient evidence—memoranda with evidentiary material—so the trial court can determine whether the attorney's testimony is admissible, whether the testimony is necessary, and whether any exceptions apply. *See McCormick*, 2014-Ohio-1896 (disqualification without a hearing upheld); *Reo* (same); *Spectrum Networks*, 2008-Ohio-6687 (disqualification without a hearing reversed); *Cod Properties Ohio, L.L.C. v. Black Tie Title, L.L.C.*, 8th Dist. Cuyahoga Nos. 109714 and 109833, 2022-Ohio-17 (same).

{¶ 21} Hopkins contends he was fraudulently induced to enter into the Settlement Agreement because he was told that (1) a Warren County Sheriff deputy would testify that Hopkins made death threats against Charles during a break in a civil stalking hearing; (2) Attorney Grossmann, as a Warren County Commissioner, would use his political power to prosecute and continually litigate cases against Hopkins; (3) Attorney Grossmann would use his political power to manipulate public entities to act against Hopkins; and (4) the parties' neighborhood homeowners association had approved the restrictive covenants at issue in this case.

{¶ 22} Hopkins' motion to disqualify Attorney Grossmann asserts that the attorney is a fact witness whose testimony is necessary and unobtainable elsewhere due to the attorney's direct communications with Hopkins regarding the negotiation of the Settlement Agreement. The record shows that there were two telephone conversations between Hopkins and Attorney Grossmann in February 2021 before the Settlement Agreement was finalized in March 2021; the phone calls occurred after the February 23, 2021 email of Hopkins' then counsel to Attorney Grossmann. During Hopkins' deposition and in his response opposing the motion to disqualify, Attorney Grossmann stated that the two telephone conversations were recorded by him and Hopkins and were transcribed by Hopkins. During his deposition, Hopkins referred to the two phone calls and stated, "It's all over the tape."

{¶ 23} In its decision disqualifying Attorney Grossmann as a necessary witness under Prof.Cond.R. 3.7(a), the trial court focused upon Attorney Grossmann's examination of Hopkins during Hopkins' deposition, noting that the questioning was primarily related to Hopkins' conduct toward Attorney Grossmann and his wife and other interactions between Hopkins and the attorney. Specifically, the trial court noted that Attorney Grossmann inquired about a communication Hopkins had sent to Attorney

Grossman's wife, Hopkins' alleged death threat against Attorney Grossman, an encounter between the two men when Attorney Grossmann went to Hopkins' home to take photographs, and the two telephone conversations between the two men concerning negotiation of the Settlement Agreement. Other than these two telephone conversations, the other interactions Attorney Grossmann questioned Hopkins about during the deposition do not appear to have any relevance to the issues raised in the case at bar.

{¶ 24} We find that the trial court erred in disqualifying Attorney Grossmann as a necessary witness without conducting an evidentiary hearing on the matter. In determining that Attorney Grossmann was a necessary witness whose testimony was unobtainable elsewhere, the trial court did not mention that the two February 2021 telephone conversations between Hopkins and Attorney Grossmann were recorded and transcribed. The trial court also did not analyze whether, in addition to testimony from Attorney Grossmann, there were alternative sources of evidence on Hopkins' claim he was fraudulently induced to enter into the Settlement Agreement. Given the lack of evidentiary material submitted by Hopkins with his motion to disqualify and the email exhibit attached to Charles' affidavit, an evidentiary hearing would have brought out the case relevance of Attorney Grossmann's communications with Hopkins concerning the validity of the Settlement agreement, would have demonstrated whether the recordings/transcriptions of the two telephone conversations obviated the need for Attorney Grossman's testimony regarding the telephone conversations, and would have clarified whether Hopkins continued to be represented by counsel at the time he and Attorney Grossman were negotiating the Settlement Agreement and the extent of Hopkins' counsel's involvement in the negotiations. For if Hopkins was acting pro se during the two telephone conversations, this begs the question of whether Attorney Grossmann was any more of a witness than if he had negotiated the Settlement

Agreement with Hopkins' counsel during the phone calls. An evidentiary hearing would have brought a more complete understanding of these issues.

{¶ 25} We therefore reverse the trial court's decision granting Hopkins' motion to disqualify Attorney Grossmann and remand the matter for the trial court to conduct an evidentiary hearing on the motion to disqualify. On remand, the evidentiary hearing must establish the extent of the one-to-one communications between Hopkins and Attorney Grossmann regarding the negotiation of the Settlement Agreement, whether Hopkins was represented by counsel in February 2021, and if he was not, whether Attorney Grossmann was any more of a witness than if he had negotiated the Settlement Agreement with Hopkins' counsel during the February 2021 telephone conversations, whether the February 2021 telephone conversations between Hopkins and Attorney Grossmann were taped and/or transcribed, and whether these telephone conversations are an alternate source of evidence in the matter. The evidentiary hearing must also establish whether there is an alternate source of evidence for Hopkins' claim Attorney Grossmann leveraged his position as a county commissioner to exert influence on Hopkins to enter into the Settlement Agreement.

{¶ 26} The Goebels' first assignment of error is sustained.

{¶ 27} Assignment of Error No. 2:

{¶ 28} THE TRIAL COURT ERRED BY NOT PROHIBITING THE DEPOSITION OF THE GOEBELS' COUNSEL.

{¶ 29} The Goebels argue that the trial court erred in denying their motion for a protective order to prohibit Hopkins from deposing their counsel, Attorney Grossmann. The Goebels assert that Hopkins failed to establish that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *See*

*Desmond v. Gains*, 7th Dist. Mahoning No. 2021 MA 00025, 2022-Ohio-200, adopting the test enunciated in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.1986).

{¶ 30} Whether Attorney Grossmann is subject to being deposed depends upon whether he is a necessary witness and will ultimately be resolved upon the same basis of whether he should be disqualified. In light of our resolution of the Goebels' first assignment of error, their second assignment of error is moot and need not be considered. *Sweitzer v. 56 Auto Sales*, 12th Dist. Madison No. CA2022-12-026, 2023-Ohio-2997, ¶ 9; App.R. 12(A)(1)(c).

{¶ 31} Judgment reversed and remanded.

S. POWELL, P.J., and PIPER, J., concur.